# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Rhoda Sherwin Zuravsky ) <br> 5729 Alfie Pl ) <br> Columbus, OH 43213, ) <br> ) <br>       Plaintiff ) <br> ) <br>       v. ) <br> ) <br> Shauna M. Smith ) <br> 403 N. Court Ave. ) <br> Tucson, Arizona 85701, <br> <br>       Defendant | Civil Action No. 2:15-cv-3091 <br> Judge <br> Magistrate Judge |

## COMPLAINT

Plaintiff Rhoda Sherwin Zuravsky ("Zuravsky"), by and for Her Complaint against Defendant Shauna M. Smith ("Smith"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for, *inter alia,* a Declaratory Judgment of ownership of pending United States Patent Application (*number believed to be 14/564,390*), filed on (*date believed to be 12/9/2014*), by Shauna MaRee Smith, entitled "Tub Skin With Pneumatically Inflatable Rim And Stays" (Exhibit A).

## THE PARTIES

2.     Plaintiff Rhoda Sherwin Zuravsky is an individual residing at 5729 Alfie Pl, Columbus, OH 43213.

3.     Defendant Shauna M. Smith is an individual believed to be residing at 403 N. Court Ave. Tucson, AZ 85701.

4. Defendant Shauna M. Smith is believed to be in legal possession of PO BOX 1331, Tucson, AZ 85702.

5. Plaintiff has been engaged in researching, developing, and manufacturing a bathtub and shower liner system ("invention"), embodied in pending U.S. non-provisional utility patent Application No. 14/961,493, filed on 12/7/2015, by Rhoda Sherwin Zuravsky and Marvin A. Zuravsky entitled "Pre-Conformed Wash Vessel Liner System And Method" (Exhibit B).

6. At all relevant times, Defendant operated a business providing sewing services in the Tucson, AZ area. Defendant was hired by Plaintiff to provide these services and create a prototype of Plaintiff's invention.

7. Upon information and belief, Defendant Smith has been and is currently exploiting Plaintiff's invention for her own personal financial gain, at least by commissioning the development of prototypes, manufacturing or having manufactured and offering for sale a bathtub and shower liner system, embodied in United States Patent Application (*14/564,390*), filed on (*12/9/2014*), by Shauna MaRee Smith, entitled "Tub Skin With Pneumatically Inflatable Rim And Stays" (Exhibit A).

**JURISDICTION & VENUE**

8. This civil action for a declaratory judgment of patent ownership arises under the Patent Laws of the United States, Title 35, United States Code and 28 USC 2201, *et seq*.

9. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

11. This Court has personal jurisdiction over Defendant at least because Defendant has signed a Non Disclosure Agreement (Exhibit C), Section 5 thereof providing that said document to be governed under the laws of Ohio.

**GENERAL ALLEGATIONS**

12. On or around May 18, 2012, Plaintiff, using her former name of Rhoda Sherwin, filed U.S. provisional utility patent Application No. 61/688,733, entitled "Tub Liner" (aka "the '733 application"), listing herself as the sole inventor, residing at 1244 Westhill Drive, Columbus, Ohio 43213.

13. On August 12, 2012, Plaintiff married Marvin Alexander Zuravsky.

14. On or around May 16, 2013, Plaintiff filed U.S. non-provisional utility patent Application No. 13/895,847, entitled "Washable Bathtub Liner" (aka "the '847 application"), listing herself, under her married name Rhoda Sherwin Zuravsky, and Sean Hagen as inventors. Mr. Hagen was employed to create the drawings for said Patent Application. The '733 application is the "parent" of the '847 application which claimed the benefit of the earlier filing date of the '733 application.

15. In February 2014, Plaintiff hired Defendant, under the auspices of Defendant's company "Selvedge Sewing", located in the general area of Tucson, Arizona, as a seamstress to fabricate a prototype for her invention.

16. Defendant represented to Plaintiff that she could help Plaintiff commercialize her invention. Accordingly, Defendant was paid $300 per week during the approximate timeframe of May 2014 to May 2015.

17. On or around March 18, 2014, Plaintiff and Defendant signed a Non Disclosure Agreement (Exhibit C).

18. Subsequently, Defendant, with Plaintiff's approval, prepared documents and formed Bathe Clean, LLC for the purpose of commercializing the invention. Bathe Clean, LLC was approved as by the State of Arizona on or around July 2014.

19. On or around September 2014, Defendant opened a joint checking account, funded by Plaintiff, in the name of Bathe Clean, LLC. Thereafter, Defendant continued to withdraw money for her services as well as for alleged expenses. Upon information and belief, these expenses included the preparation and filing of a secret new patent application, in Defendant's name only, without Plaintiff's knowledge or consent.

20. On information and belief, on or around 12/9/2014, Defendant filed United States Patent Application No. 14/564,390, entitled "Tub Skin With Pneumatically Inflatable Rim And Stays" (Exhibit A), listing herself, Shauna MaRee Smith, as the sole inventor, using funds provided by Plaintiff, all without Plaintiff's consent.

21. Subsequently, without the consent of Plaintiff, Defendant formed Rhosha, LLC.

22. On information and belief, on or around 4/9/2015, Defendant filed an assignment of ownership (Exhibit D) of said US Patent Application No. 14/564,390, without the consent of Plaintiff, transferring ownership of said Patent Application from Bathe Clean, LLC to Rhosha, LLC.

23. Plaintiff filed U.S. non-provisional utility patent Application No. 14/961,493, (the '493 application) on 12/7/2015, by Rhoda Sherwin Zuravsky entitled "*Pre-Conformed Wash Vessel Liner System And Method*". The '493 application is a continuation of the '847 application and also claims the benefit of the earlier filing date of the '733 application.

24. On information and belief, Defendant continues to exploit the invention for her own personal financial gain, without the consent of Plaintiff.

25. Plaintiff has spent at least $15,000.00 and has received nothing in return and has been forced to continue the endeavor on her own spending even more money.

## COUNT I - DECLARATORY JUDGMENT OF PATENT OWNERSHIP

26. Plaintiff incorporates by reference the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

27. Plaintiff is the owner of the invention. Defendant derived her knowledge of the invention from Plaintiff, and has filed a patent application in her own name for the same invention and continues to commercially exploit the invention for her own financial gain.

28. Plaintiff therefore seeks a declaratory judgement from the court declaring her to be the lawful owner of the invention.

## COUNT II - CONVERSION

29. Plaintiff incorporates by reference the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

30. Defendant is wrongfully exercising dominion and control, by actual or constructive possession, of Plaintiff's intellectual property, without permission or consent from Plaintiff.

## COUNT III – UNJUST ENRICHMENT

31. Plaintiff incorporates by reference the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

32. Upon information and belief, Defendant has been paid at least $7,149.00 for "services".

33. Upon information and belief, Defendant used funds, including a $400 filing fee, supplied by Plaintiff to pay for her secret patent application.

34. Upon information and belief, Defendant continues to prosecute her secret patent application embodying Plaintiff's invention.

35. Upon information and belief, Defendant continues efforts to commercialize Plaintiff's invention.

36. The foregoing benefits were conferred upon Defendant by Plaintiff, with Defendant's knowledge, and retention of said benefits by the Defendant would be unjust under the circumstances.

37. Wherefore, Defendant has been unjustly enriched.

**COUNT IV – TRADE SECRET MISAPPROPRIATION**

38. Plaintiff incorporates by reference the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

39. Defendant owes Plaintiff contractual and/or statutory duties not to use or otherwise misappropriate the trade secrets of Plaintiff, and has willfully used confidential information disclosed by Plaintiff for her own financial gain, without Plaintiff's consent.

**REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zuravsky respectfully requests that this Court enter a judgment:

(1) Declaring Plaintiff to be the lawful owner of the invention, including all rights to all pending patent applications;

(2) Finding Defendant liable to Plaintiff for conversion of her intellectual property rights;

(3) Finding that Defendant has been unjustly enriched;

(4) Finding that Defendant has misappropriated Plaintiff's trade secrets;

(5) Awarding at least $7,549.00 in damages to Plaintiff, plus additional amounts to be determined by the Court;

(6) Permanently enjoining Defendant, her officers, agents, servants, employees, and attorneys, and those other persons or entities in active concert or participation with her, from commercializing or exploiting the invention in any way; and

(7) For any other remedy the Court deems just.

Respectfully Submitted,

December 17, 2015

/James R. Eley/
James R. Eley (Ohio Bar No. 0046646)
*Trial Attorney*
**ELEY LAW FIRM CO., LPA.**
7870 Olentangy River Road, Ste 311
Columbus, Ohio 43235
Telephone:  (614) 825-3539
Facsimile:  (614) 825-9590
patents@eleylaw.com


/Ronald J. Koch/
Ronald J. Koch (Ohio Bar No. 0075860)
VESTED LAW PLLC
PO BOX 30870
Columbus, Ohio 43230
Telephone:  (614) 288-4740
Facsimile:  (866) 255-6793
rkoch@vestedlaw.com

ATTORNEYS FOR PLAINTIFF