IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RHODA SHERWIN ZURAVSKY,**

        Plaintiff,

  vs.                                         Civil Action 2:15-cv-3091
                                              Magistrate Judge King

**SHAUNA M. SMITH,**

        Defendant.

<u>**OPINION AND ORDER**</u>

    With the consent of the parties, *see* 28 U.S.C. § 636(c), this matter is before the Court on *Defendants' [sic] Motion to Dismiss on Account of Plaintiff's Failure to Meet Amount in Controversy Requirement or in the Alternative, Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Wherefore if the Court Finds Proper the Diversity of Jurisdiction Requirements, Then the Defendant Moves that the Action Be Stayed Until Arbitration Be Had, or in the Alternative, Motion to Transfer Venue Where the Action Be Stayed Until Arbitration Be Had*, ECF No. 11 ("*Defendant's Motion*"), and plaintiff's opposition to that motion, ECF No. 12 ("*Plaintiff's Opposition*").  For the reasons that follow, *Defendant's Motion* is **GRANTED**.

    Plaintiff Rhoda Sherwin Zuravsky, an Ohio resident, filed patent applications in 2012 and 2013:  (1) a U.S. provisional utility patent Application No. 61/688,733, filed on or around May 18, 2012 and entitled "Tub Liner," listing herself (under her former name, Rhoda Sherwin) as the sole inventor ("the '733 application"); and (2) a U.S. non-provisional utility patent Application No. 13/895,847, filed on or

1

around May 16, 2013 and entitled "Washable Bathtub Liner," listing herself (under her married name Rhoda Sherwin Zuravsky)[1] and Sean Hagen as inventors ("the '847 application"). *Complaint*, ¶¶ 2, 12-14. According to plaintiff, the '733 application is the "parent" of the '847 application. *Id*. at ¶ 14. The *Complaint* does not allege that a patent has yet issued from these applications. *See generally id*.

Plaintiff alleges that, in February 2014, she hired defendant Shauna M. Smith, an Arizona resident, as a seamstress to fabricate a prototype for her bathtub and shower liner system ("invention"). *Id*. at ¶¶ 3, 15. Defendant, who represented that she could help Plaintiff commercialize her invention, was paid $300 per week from approximately May 2014 to May 2015. *Id.* at ¶ 16. On March 18, 2014, the parties signed a non-disclosure agreement ("the NDA"). *Id*. at ¶ 17 (citing Exhibit C, attached thereto (copy of NDA)).

With plaintiff's approval, defendant formed a company, Bathe Clean, LLC, under the laws of Arizona for the purpose of commercializing the invention. *Id*. at ¶ 18. Defendant later opened a joint checking account under the name of Bathe Clean, LLC, which was funded by plaintiff. *Id*. at ¶ 19. According to plaintiff, defendant withdrew money for her services as well as for expenses that "included the preparation and filing of a secret new patent application, in Defendant's name only, without Plaintiff's knowledge or consent." *Id*.

On December 9, 2014, defendant, allegedly using funds provided by plaintiff, filed U.S. patent Application No. 14/564,390, entitled "Tub Skin With Pneumatically Inflatable Rim And Stays," listing defendant

---

[1] Plaintiff married Marvin Alexander Zuravsky on August 12, 2012. *Id.* at ¶ 13.

as the sole inventor ("the '390 application" or "defendant's application"). *Id*. at ¶ 20; Exhibit A (copy of defendant's application), attached thereto. The *Complaint* does not allege that a patent has yet issued from the '390 application. *See generally id*.

On December 7, 2015, plaintiff filed a U.S. non-provisional utility patent Application No. 14/961,493 entitled "Pre-Conformed Wash Vessel Liner System And Method" ("the 493 application"). *Complaint*, ¶ 23. According to plaintiff, "[t]he '493 application is a continuation of the '847 application and also claims the benefit of the earlier date of the '733 application." *Id*. The *Complaint* does not allege that a patent has yet issued for the '493 application. *See generally id*.

On December 17, 2015, plaintiff filed this action under 35 U.S.C. § 100 *et seq*. for "a Declaratory Judgment of ownership of pending" '390 application. *See*, *e.g.*, *id*. at ¶¶ 1, 26-28 (Count I). Plaintiff also asserts supplemental state law claims of conversion, unjust enrichment, and misappropriation of trade secret. *Id*. at ¶¶ 29-39 (Counts II through IV). Plaintiff specifically seeks a judgment that, *inter alia*, declares "Plaintiff to be the lawful owner of the invention, including all rights to all pending patent applications" and that the Court award "at least $7,549.00 in damages to Plaintiff, plus additional amounts to be determined by the Court[.]" *Id*. at *Prayer for Relief*.

Defendant moves to dismiss or to stay the action on a number of grounds. Plaintiff challenges the sufficiency of *Defendant's Motion*, contending that the motion fails to comply with S.D. Ohio Civil Rule

3

7.2(a)(1), which requires that a movant's supporting memorandum be a "brief statement of the grounds, with citation of authorities relied upon." *Plaintiff's Opposition*, p. 10.  However, and construing *Defendant's Motion* liberally, *cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), the Court concludes that *Defendant's Motion* sufficiently complies with the Court's local rules. The Court will therefore turn to the merits of the motion.

*Defendant's Motion* asks, *inter alia*, that the action be dismissed, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction.  When a motion to dismiss addresses a federal court's jurisdiction, a plaintiff bears the burden of establishing jurisdiction in order to defeat the motion. *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).  In the case presently before the Court, defendant challenges this Court's jurisdiction pursuant to 28 U.S.C. § 1331, contending that "a pending patent has no legal rights" and therefore this Court lacks subject matter jurisdiction. *Defendant's Motion*, p. 10.  In response, plaintiff argues that this Court is vested with subject matter jurisdiction under 35 U.S.C. § 101[2] and 28 U.S.C. §§ 1331 and 1338(a):[3]

> This is an action for, *inter alia*, a Declaratory Judgment of ownership of a United States Patent Application.  It is well settled that patent matters are exclusive to federal courts.  The Federal question of inventorship is at issue

---

[2] Section 101 provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."

[3] Section 1338(a) provides, *inter alia*, that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."

4

> and must be determined according to federal law (e.g., 35
> U.S.C. § 101). . . .
>
> Defendant asserts[] 'The question of ownership placed
> before this court are not questions of patent law under 28
> USC §2201 . . ." This premise is fatally flawed. As
> discussed *supra*[], patent ownership is entirely and
> exclusively a federal question and is properly before this
> Court."

*Plaintiff's Opposition*, pp. 9-10 (footnotes omitted). Plaintiff's argument in this regard is not well-taken.

The United States Court of Appeals for the Sixth Circuit has held that district courts lack jurisdiction to review the inventorship of an unissued patent:

> [I]t is clear that Congress intended to draw a distinction
> between patent applications and issued patents. While the
> patent is still in the process of gestation, it is solely
> within the authority of the Director [of the United States
> Patent and Trademark Office]. As soon as the patent
> actually comes into existence, the federal courts are
> empowered to correct any error that the Director may have
> committed. Such a scheme avoids premature litigation and
> litigation that could become futile if the Director
> declined to grant a patent or voluntarily acceded to the
> claims of the would-be inventor prior to issue. We
> conclude, therefore, that the district court lacked
> jurisdiction to review the inventorship of an unissued
> patent.

*E.I. Du Pont de Nemours & Co. v. Okuley*, 344 F.3d 578, 584 (6th Cir. 2003). *See also Simic-Glavaski v. Lifeware Tech., Inc.*, No. 1:07-cv-2718, 2008 WL 423414, at *1-2 (N.D. Ohio Feb. 14, 2008) (citing *Okuley* and granting motion to dismiss action based on pending patent application); *Stevens v. Broad Reach Cos., L.L.C.*, No. 05-647, 2006 WL 1556313, at *3-4 (W.D. Mo. May 31, 2006) (same); *Sagoma Plastics, Inc. v. Gelardi*, 366 F. Supp. 2d 185, 188 (D. Me. 2005) (granting motion to dismiss claim based on inventorship of unissued patent because "a court might grant relief to a plaintiff inventor only to have the PTO

[Patent and Trademark Office] . . . deny the patent application in its entirety. It seems unlikely that Congress intended to authorize a scheme in which such a waste of scarce judicial resources was possible"). This Court therefore concludes that it lacks jurisdiction under to 28 U.S.C. § 1331 to review plaintiff's claim based on the inventorship or ownership of a pending patent, the '390 application.

Defendant also argues that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because plaintiff has not satisfied the monetary prerequisite of that statute. *See*, *e.g.*, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (federal courts have diversity jurisdiction "where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest"). Plaintiff disclaims any intent to invoke this Court's diversity jurisdiction. *Plaintiff's Opposition*, p. 11 (". . . Plaintiff need not rely on diversity jurisdiction."). Moreover, and as previously noted, the *Complaint* seeks "at least $7,549.00 in damages to Plaintiff, plus additional amounts to be determined by the Court[.]" It therefore appears that plaintiff's claims do not meet the jurisdictional amount required in a diversity action. In any event, because the Court lacks subject matter jurisdiction over plaintiff's claim under the Patent Act, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 367(c)(3).

Based on this record, the Court cannot conclude that plaintiff has carried her burden of establishing subject matter jurisdiction. *See Michigan Southern R.R. Co.*, 287 F.3d at 573. Having so concluded,

the Court need not, and does not, address the parties' remaining arguments.

**WHEREUPON**, *Defendant's Motion*, ECF No. 11, is **GRANTED**. Plaintiff's claims are **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

*s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

August 8, 2016